# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1244V
**Filed: May 5, 2017**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| RANDALL CARLSON, | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs; |
| v. | * | Reasonable Hourly Rate; |
| | * | Reasonable Hours Expended. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Ronald C. Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.
Sarah C. Duncan, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 31, 2014, Randall Carlson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that an influenza ("flu") vaccine administered on January 10, 2013 caused him to suffer from vasculitis. Decision Stipulation, ECF No. 41. On August 17, 2016, Special Master Hamilton-Fieldman issued a decision awarding compensation to Petitioner pursuant to the parties' stipulation. *Id.*

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On January 13, 2017, Petitioner submitted his application for Attorneys' Fees and Costs. Mot. Att'ys' Fees, ECF No. 46.  On January 30, 2017, Respondent filed his Response to Petitioner's motion.  Resp't's Resp., ECF No. 50.  Petitioner did not submit a Reply to Respondent's filing.  Docket Rep.  This matter is now ripe, and after careful consideration, the undersigned grants Petitioner's Motion for Attorneys' Fees in part.

I. **PROCEDURAL HISTORY**

In Petitioner's Motion for Attorneys' Fees, he requested $20,952.00 in fees and $1,056.41 in costs, totaling $22,008.41.  Mot. Att'ys' Fees 1.  Petitioner stated that he did not incur any personal costs during the course of this case.  *Id.*  Petitioner's counsel, Mr. Ronald Homer, requested an hourly rate of $400 for his work performed from 2013 through 2017.  *Id.* at 22.  Four other attorneys submitted hours for compensation.  For their work completed throughout the duration of this case, Ms. Christine Ciampolillo requested an hourly rate of $300; Ms. Meredith Daniels requested an hourly rate of $280; and Ms. Sylvia Chin-Caplan requested an hourly rate of $400.  *Id.*  Mr. Joe Pepper requested an hourly rate of $213 for his work performed in 2013, and increased his hourly request to $290 for his work in the years 2014 through 2016.  *Id.*  Mr. Homer's firm's paralegals billed at an hourly rate of $112 for their work in 2013, and increased their hourly rate to $135 for their work from 2014 through 2017.  *Id.*  Mr. Homer also requested $145 per hour for the work of his firm's law clerk.  *Id.*

In his response, Respondent stated that neither the Vaccine Act nor Vaccine Rule 13 "contemplate[] any role for [R]espondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  Resp't's Resp. 1.  Respondent consequently requested for the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 2, 3.

For the reasons articulated below, the undersigned awards Petitioner $20,702.00 for attorneys' fees and costs in full, for a total award of $21,758.41.

II. **STANDARDS FOR ADJUDICATION**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.

2

*See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Attorneys may be awarded fees for travel if they provide adequate documentation that they performed legal work during that travel.  *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010).

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  For example, an attorney that has been practicing for twenty or more years has an appropriate hourly rate between $350 and $425.  *Id.*  An attorney with eight to ten years of experience, on the other hand, has a reasonable hourly rate between $275 and $350.  *Id.*

### III.    DISCUSSION

#### A.  Reasonable Hourly Rate

The first step of the lodestar approach involves determining an estimate by calculating "the numbers of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347-48 (quotation omitted).  *McCulloch* specifically calculated a reasonable hourly rate for the attorneys requesting fees in this case.  *See* 2015 WL 5634323 at *21.  Mr. Homer's firm's requested hourly rates are all consistent with those found reasonable in *McCulloch*, and the undersigned therefore finds the requested rates to be reasonable.

#### B.  Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings.  515 F.3d at 1348.  The undersigned's review of Mr. Homer's billing records found them to be largely appropriate and without any unnecessary or travel-related requests.  However, the undersigned will reduce Mr. Homer's award of attorneys' fees for duplicate requests related to case meetings.

On December 3, 2014; July 20, 2015; and February 8, 2016, Mr. Pepper and Ms. Ciampolillo both submitted billing requests for meetings they had with each other.  Mot. Att'ys' Fees 8, 15, 18.  Similarly, on April 22, 2015, Ms. Chin-Caplan and Mr. Pepper submitted requests for a case meeting they both attended.  *Id.* at 13.  The undersigned will award neither Ms. Ciampolillo's nor Ms. Chin-Caplan's requests for these dates.  The total for this deduction is $250.

#### C.  Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992).  Petitioner's costs concern the acquisition and shipment of medical records and court documents.  Mot. Att'ys' Fees 23-40.  The undersigned finds these costs reasonable and will award them in full.

Case 1:14-vv-01244-UNJ   Document 54   Filed 05/30/17   Page 4 of 4

## IV. CONCLUSION

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $21,758.41,[3] to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, of Conway, Homer, PC, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.